IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID JAMES STALEY, #Y36313,<br><br>    Plaintiff,<br><br>v.<br><br>JB PRITZKER,<br>ROB JEFFREYS,<br>JEFFREY M. DENNISON,<br>DAVID MITCHELL,<br>SHAYNE MERCIER,<br>SHERRY BENTON,<br>JESSIE REID,<br>ROBERT SAMALIOSK,<br>SHAWN BROWN,<br>MIKAH HALLMAN, and<br>DEREK HERMAN,<br><br>    Defendants. | Case No. 22-cv-02028-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff David Staley, an inmate of the Illinois Department of Corrections who is currently incarcerated at Taylorville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Pinckneyville Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff's Complaint is a list of Defendants and with the exception of Defendants Reid and Herman, a brief description of how each Defendant was involved in processing various grievances that are attached as exhibits to the Complaint. (Doc. 1). He claims that on June 3, 2020, Defendant Reid spoke to his mother about the death of his grandmother, and then Reid neglected to tell him of his grandmother's passing. He also asserts that Defendant Herman falsified a state document involving a disciplinary report, which resulted in 60 days in segregation. Because he is designated as seriously mental ill, Plaintiff served only 30 days in segregation. Plaintiff states he is bringing his claims against Defendants for denial of due process, cruel and unusual punishment, deliberate indifference, malice, mental anguish, and pain and suffering.

### DISCUSSION

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555. Further, because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Here, Plaintiff does not sufficiently describe what Defendants Pritzker, Jeffreys, Dennison,

Mitchell, Mercier, Benton, Samaliosk, Brown, or Hallman did or failed to do to violate his constitutional rights. He simply describes their role in processing his grievances, references the grievances attached, and makes blanket assertions of constitutional violations. While exhibits often support or even clarify claims, Plaintiff's grievances and the correlating responses do not replace his statement of claim. The Court will not read through the exhibits in order to form Plaintiff's constitutional claims for him. Furthermore, a generic assertion that one or more defendants engaged in constitutional violations is not adequately specific. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Because the Complaint is devoid of factual allegations suggesting that Defendants Pritzker, Jeffreys, Dennison, Mitchell, Mercier, Benton, Samaliosk, Brown, or Hallman violated his constitutional rights, the claims against them are dismissed.

      The claims against Defendant Reid are also dismissed. Plaintiff alleges that Reid neglected to tell him that his grandmother had died. But negligence on the part of an official does not violate the Constitution. Furthermore, even if Reid's conduct was intentional, it does not rise to the level of cruel and unusual punishment. *See Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment").

      Plaintiff has also failed to state a constitutional claim against Defendant Hermann. He states that Hermann falsely claimed that Plaintiff refused to sign his disciplinary ticket, which resulted in thirty days of segregation. Generally, prisoners "do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Smith v. Akpore*, 689 F. App'x 458, 460 (7th Cir. 2017). Thirty days in segregation is not such an extreme term' and, standing alone, would not trigger due process rights." *Marion v. Columbia Corr. Inst.*, 559 F. 3d 693, 697 (7th Cir. 2009) (quoting *Whitford v. Boglino*, 63 F. 3d 527, (7th Cir. 1995)). Because he has not pled that he was denied a liberty interest, no due process was required, and the claim

against Defendant Hermann is dismissed.

Finally, the Court notes that to the extent Plaintiff is attempting to hold all Defendants liable for denying or not properly responding to his grievances, such claims also fail. Standing alone, the mishandling of inmate complaints by officials does not state a constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Thus, Plaintiff's assertion that his due process rights were violated due to the mishandling of grievances does not state a colorable claim for relief.

For these reasons, Plaintiff's claims are dismissed without prejudice, and the Complaint does not survive preliminary review. Plaintiff will be given an opportunity to replead his claims in an amended complaint.

## MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court finds that Plaintiff has failed to meet the first requirement, demonstrating that he has made reasonable attempts to obtain counsel on his own. He lists the names and addresses of three law firms, but Plaintiff does not provide any additional information regarding his efforts,

including how he contacted these attorneys, dates that he contacted the attorneys, or copies of declinations letters. The Court also finds that Plaintiff is capable of representing himself at this stage. He is a high school graduate, and his grievances show an ability to construct coherent sentences and relay information to the Court. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion is denied.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A. The Motion to Appoint Counsel is **DENIED.** (Doc. 4).

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 25, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-02028-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any

previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   March 28, 2023

>   *s/Stephen P. McGlynn*
> **STEPHEN P. MCGLYNN**
> **United States District Judge**