IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID JAMES STALEY, #Y36313,<br><br>        Plaintiff,<br><br>v.<br><br>JESSIE REID, and DEREK HERMAN,<br><br>        Defendants. | Case No. 22-cv-02028-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff David Staley, an inmate of the Illinois Department of Corrections who is currently incarcerated at Taylorville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Pinckneyville Correctional Center. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Plaintiff claims that on June 3, 2020, his mother called Pinckneyville Correctional Center and spoke to Counselor Jessie Reid. (Doc. 16, p. 7). His mother informed Reid that Plaintiff's grandmother had passed away. At the time of the phone call, Plaintiff was serving forty-five days in segregation and had limited telephone usage. Reid never told Plaintiff the information. (*Id.*)

Page 1 of 4

Nine days later, Correctional Officer Hess told Plaintiff that his mother had called the institution about a week prior and sounded upset. (*Id.*).

Plaintiff had a video visit with his fiancé at the time, Alexis Anderson, on June 13, 2020. (Doc. 16, p. 7). Plaintiff asked her why his mother had called, and Anderson told Plaintiff that his grandmother had died. (*Id.* at p. 8). After returning to his cell, Plaintiff requested "a crisis team but was never granted one." (*Id.*)

Plaintiff states that he believes Reid's actions were deliberate, malicious, and morally wrong. (Doc. 16, p. 8). He asserts that not only did Reid not notify him of his grandmother's death, but Reid did not notify a mental health professional to check on his wellbeing. (*Id.*). Plaintiff is suing Reid for cruel and unusual punishment, deliberate indifference, malice, mental anguish, and pain and suffering. (Doc. 16, p. 9).

## DISCUSSION

The First Amended Complaint does not state a viable claim against Reid for failing to tell Plaintiff of his grandmother's passing and to notify mental health. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment where an alleged deprivation is sufficiently serious, and the officials act with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994).

The Court does not doubt that receiving news of his grandmother's passing ten days after the event was distressing for Plaintiff. The failure to inform Plaintiff of the information and notify the mental health department, however, did not impose an excessive risk to his health or safety or deny him "the minimal civilized measure of life's necessities." *Townsend v. Fuchs,* 522 F. 3d 765, 773 (7th Cir. 2008). Furthermore, other than Plaintiff's conclusory assertion, there is nothing in the First Amended Complaint from which the Court can plausibly infer that Reid acted

intentionally and deliberately. But even assuming Reid did, as the Court previously found, such conduct does not rise to the level of cruel and unusual punishment. (Doc. 15, p. 3) (citing *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of cruel and unusual punishment")). Accordingly, Plaintiff's claim that Reid subjected him to cruel and unusual punishment in violation of the Eighth Amendment is dismissed.

The Court also dismisses all claims against Derek Herman. Herman is named in the case caption, but there are no allegations against him in the statement of claim. *See* FED. R. CIV. P. 8(a)(2).

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has given Plaintiff the opportunity to replead his claims, and he has again failed to state a claim upon which relief could be granted. Considering the facts of this case, the Court finds that giving Plaintiff another chance to amend would futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Therefore, the First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a

"strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 10, 2023

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**